UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MOSBY,<br>CDCR #T-53894,<br><br>           Plaintiff,<br><br>vs.<br><br>CAPTAIN D. FLYNN, et al.<br><br>           Defendants. | Case No.:  3:16-cv-01019-BEN-WVG<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Maurice Mosby ("Plaintiff") is proceeding pro se and is currently incarcerated at the California Health Care Facility ("CHCF") in Stockton.  He filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 for inadequate medical care, alleging violations of the Eighth Amendment, Fourteenth Amendment, and Fifth Amendment.

On December 26, 2016, he filed a document entitled "Notice of Declaration/Motion Requesting Dismissal of this Above Entitled Civil Claim, to be Without Prejudice."  (ECF No. 24).  Therein, he stated that he "moves this above court to dismiss this case without prejudice and to further defer such ruling to dismiss this claim until adjudication of the herein enclosed 'Request for Appointment of counsel' is determined to be validated."  (*Id.*)  He attached a form entitled "Inmate Request for Assistance from the Court," which applies to inmates claiming a disability.  The form

stated that Plaintiff sought to "appoint Counsel to show Deprivation of medical access to treatment/orthopedic appliance in violation of th[e] Constitution, deliberate indifference." (*Id.*)

He filed the "Inmate Request for Assistance from the Court" form again on January 30, 2017. (ECF No. 26). The form is almost identical to the first filing, except makes clear that Plaintiff's disability is that he is confined to a wheelchair. He again seeks appointment of counsel.

The Court construes Plaintiff's filings to request appointment of counsel to maintain the action, but if the request is denied, Plaintiff asks the Court to dismiss the case without prejudice. Accordingly, the Court must determine whether Plaintiff is entitled to counsel. It concludes that he is not.

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1) (1996), to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citations omitted).

The Court denies Plaintiff's request without prejudice because nothing suggests he is incapable of articulating the factual basis for his inadequate medical care claims, which appear "relatively straightforward." *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). Plaintiff's Complaint survived pre-answer screening under 28 U.S.C. § 1915(e)(2) and § 1915A(b). However, at this initial stage of the pleadings, Plaintiff has not yet shown a likelihood of success on the merits. *Id.* Plaintiff's disability does not compel a different result. Plaintiff's confinement to a wheelchair has not affected his ability to articulate his arguments and prosecute the case. Therefore, the Court finds no "exceptional circumstances" required to justify the appointment of counsel at this time.

*See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner was able to articulate his inadequate medical care claims in light of the complexity of the issues involved, but found unlikely to succeed on the merits).

Plaintiff's request for appointment of counsel is **DENIED.** Pursuant to Plaintiff's request to dismiss this lawsuit if the Court does not appoint counsel, the Court **DISMISSES** the case without prejudice.

**IT IS SO ORDERED.**

Dated:  March 23, 2017

Hon. Roger T. Benitez
United States District Judge